No. 20471.

FRED FEIT, ET AL., *v.* E. E. ZOLLER.
(392 P.2d 593)

Decided June 1, 1964.

Mr. Albert P. Fischer, Mr. Ward H. Fischer, Mr. James D. Beatty, for plaintiffs in error.

Mr. John A. Cross, Mr. Robert C. Christensen, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

We will refer to the parties as they appeared in the

trial court where plaintiffs in error were plaintiffs and defendant in error was defendant.

Plaintiffs are the owners of certain farm land lying south and east of farm land owned by the defendant. The plaintiffs own and maintain a ditch, which carries water to irrigate their lands. On its way to the plaintiffs' lands, the ditch runs through the eastern edge of the defendant's land.

The plaintiffs brought this action in the trial court to enjoin the defendant from allowing any waste water arising from the irrigation of the defendant's farm to flow into the ditch in question here and also sought damages in the amount of $2,000.00 for crop damage allegedly caused by defendant's discharge of waste water into the ditch. The defendant's answer, so far as material here, affirmatively alleged that he had a prescriptive right to permit his waste water to flow into the plaintiffs' ditch and denied that any crop damage incurred by plaintiffs was attributable to his discharging waste water into the ditch.

After both sides had rested and after the trial court had viewed the premises, ditches and irrigation systems involved, the following findings were made:

" * * * it is established by (a) preponderance of the evidence that defendant has a prescriptive right to have his waste water flow into plaintiffs' ditch from that portion of the Northeast corner of Section 21, Township 8 North, Range 68 West of the 6th P.M., which slopes East from the ridge running in a Northerly and Southerly direction through defendant's land, comprising approximately sixty-five acres, whenever said lands were irrigated, the waste water from which portion of defendant's land has historically flowed into said ditch in its present and previous locations.

"The Court doth further find that there may have been some damage at the times stated by plaintiffs from water breaking out of plaintiffs' ditch, but if so, the damage was nominal and the Court therefore finds that

plaintiffs' damages amount to the sum of One Dollar ($1.00), and judgment is entered for that amount against defendant.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant has the right to discharge into plaintiffs' ditch *such waste water as may be reasonably necessary in the careful irrigation of that portion of defendant's farm east of the ridge,* hereinabove referred to. The prayer of plaintiffs for injunction is accordingly denied * * *." (Emphasis supplied.)

■■■ For reversal of the judgment the plaintiffs rely on numerous principles of law, with which, in the abstract, we agree. The posture of the case is such, however, that these principles are of no help to the plaintiffs on this writ of error. Controlling here are the following familiar axioms, needing no citation of authority at this late date: (1) where there is competent evidence to support the findings of fact made by the trial court, this Court will not substitute its judgment therefoi; (2) it is within the province of the trier of the facts where there is conflicting evidence to determine which testimony is entitled to greater weight and belief; (3) this Court must view the evidence and the inferences to be drawn therefrom in the light most favorable to the party prevailing in the trial court.

With these principles in mind, the record discloses that for many years waste water from irrigation has been discharged into plaintiffs' ditch from the defendant's farm and that the natural drainage from the portion of the defendant's irrigated land involved here is into this ditch. This is supported by testimony from one Wright, who owned the farm prior to selling it to the defendant in 1955 and who was familiar with its operation since 1911. Until plaintiff Feit bought his farm no problems seemed to have arisen between the owners of the defendant's farm and those lower owners who obtained their irrigation water through the ditch.

■■ In 1937, the source of water for the defendant's

farm ran dry and Wright, who was the owner of defendant's farm at that time, was compelled to seek water elsewhere. Whether this affected the rights of the parties here is immaterial, however, because in any event, by 1942, Wright had completed a well and had also secured other water. From that point forward, the discharge of waste water over a continuous span of at least 18 years into the plaintiffs' ditch when the defendant's farm was being irrigated is established by the defendant's witnesses and the inferences which may be drawn from their testimony. There is, therefore, evidence to sustain the trial court's finding of a prescriptive right.

■ The plaintiffs contend that the defendant's tenant ordered a "cut" to be made in that portion of the plaintiffs' ditch which was being lined with concrete after the defendant purchased the farm, which "cut" did not exist prior thereto. There is a direct conflict in the testimony as to whether such a "cut" did exist prior to the time when the ditch was lined with concrete, and, under such circumstances, we are bound on writ of error not to interfere with the trial court's resolution of the problem.

■ The plaintiffs also urge that even if a right by prescription arose, the defendant, by drilling two additional wells on his farm, has caused a discharge of waste water greater than that upon which his prescriptive right is historically based. The defendant's evidence, however, showed that the original well decreased in output and, therefore, an additional source of water was needed. The defendant drilled one well which did not prove to be completely satisfactory and he therefore drilled a third well. There is no competent evidence in the record to establish that the discharge of waste water was thereby increased. Moreover, the defendant testified that he "levelled" his land and that this reduced the amount of waste water discharge.

■ Turning to the question of crop damage, there is nothing in the record to compel this Court to hold that as a matter of law the defendant was responsible therefor. The location where the damage was claimed by the plaintiffs was on their own property adjacent to their own ditch crossing said property and more than half a mile removed from the property of the defendant. We note that some of the damage for which compensation is sought occurred in the month of September, a time when the defendant's farm, according to his evidence, was not even being irrigated. The record fails to disclose with any degree of certainty that the cause of water overflowing from the plaintiffs' ditch was waste water discharged from the defendant's land. Considering this fact and in view of the fact that there is no competent evidence to establish that the discharge of waste water from the defendant's farm was in any way excessive or greater than that made reasonably necessary by the prudent irrigation of his farm or greater than that upon which his prescriptive right is historically based, we are somewhat at a loss to comprehend the trial court's award of $1.00 in nominal damages. We presume that this was meant to serve as a reminder to the defendant that his prescriptive right is limited to a discharge of waste water consonant with the prudent irrigation of his farm. No cross-error is assigned to the award of nominal damages, however, and we shall leave that matter as it stands.

Plaintiffs contend that *Clark v. Beauprez,* 151 Colo. 119, 377 P.2d 105, supports their position and is determinative of this case. But there the trial court found that the defendants had diverted underground water from its natural drainage by artificial means and that those waters which the defendants were discharging upon the plaintiff's land had not been diverted and discharged into the plaintiffs' irrigation ditch before. Because there was evidence to support that finding, this

Court affirmed the judgment of the trial court, as we do here.

The judgment is affirmed.

MR. CHIEF JUSTICE McWLLIAMS and MR. JUSTICE DAY concur.