No. 20920.

MALCOLM D. CRAWFORD *v.* HARRY GORBEY, aka HARRY GORBY, AND ALLEN INVESTMENT COMPANY.
(395 P.2d 732)

Decided October 13, 1964.

Mr. EDWARD A. JERSIN, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter designated as Crawford, was plaintiff in the trial court and defendant in error Gorbey was defendant below, but makes no appearance here.

In 1959, Crawford was president of the Allen Investment Company and Gorbey was the company's resident manager in Colorado Springs. Sometime about August 31, 1959, Gorbey advised Crawford by telephone that the company had promised to advance him (Gorbey) $1000 to cover the expense of a new home, but that the money had not been sent to him. After some discussion, Crawford drew a $1000 check on his personal account and deposited it to Gorbey's account. Thereafter, Crawford unsuccessfully sought repayment of the $1000 from Gorbey.

Crawford then brought this action, alleging that the money was loaned to Gorbey by him, that it was to be repaid within 30 days, that he had made repeated demands on Gorbey, and that he had not been repaid. Gorbey, in his answer, asserted that the $1000 was deposited to Gorbey's account by Crawford on behalf of the Allen Investment Company and that there was no

relationship of debtor and creditor between Crawford and himself.

The record discloses that after depositing the $1000 to Gorbey's account, Crawford, sometime about September 11, 1959, directed an employee of Allen to send a promissory note to Gorbey for his signature. The note was made payable to Allen Investment Company and was dated September 1, 1959. Crawford testified that the note was made later than September 1, but had been back-dated to coincide with the date of the loan. Gorbey never signed the note.

At the trial, after the plaintiff rested, the defendant moved to dismiss on the grounds that Crawford had failed to make a prima facie case. The court ruled as follows:

"THE COURT: Motion will be denied. I think it's a prima facie case. The testimony is that defendant Gorbey's Exhibit 2 wasn't made up until several days later, although it is dated September 1st, 1959."

At the conclusion of the case, the court found that Crawford had deposited his own $1000 check to the account of Gorbey; that, at Crawford's direction, an employee of Allen had sent a promissory note, payable to Allen, to Gorbey for his signature; that the note was made September 11, 1959, although it was back-dated to September 1, 1959; and that Gorbey never signed the note. The court then held that the plaintiff had failed to prove his case by a preponderance of the evidence, and dismissed the action. From the judgment of dismissal, Crawford brings error here.

■ Crawford contends it was error to rule at the close of the plaintiff's case that the plaintiff had made a prima facie case, and then to conclude at the end of trial that the plaintiff had not met his burden of proof. He is mistaken as to the effect of the trial court's ruling on the motion to dismiss. That ruling was not a finding that the plaintiff had proved his case by a preponderance of the evidence. Rather, it was only a

determination that the plaintiff had met his burden of going forward with enough evidence to satisfy the trial judge that the evidence was sufficient to merit the consideration of the fact finder. Having heard the evidence on behalf of the defendant, it was then the fact finder's privilege to find, as it did here, that it was not persuaded by a preponderance of the evidence that the plaintiff's version of the transaction was the correct one. We will not belabor the point by again citing the cases in this state which have repeatedly held that we do not, in such circumstances, substitute our judgment for that of the fact finder.

 Crawford also argues that the findings support the allegations of his complaint and not the conclusion reached by the trial court. He reads the trial court's finding that "the plaintiff issued a check on August 31, 1959, in the sum of $1000 payable to the order of Harry Gorbey and that he, Malcolm Crawford, deposited said check to the account of Harry Gorbey" to mean that the court found the loan was made by Crawford in his personal capacity. We do not agree. It merely reiterates what Gorbey never disputed—that Crawford deposited his own check to Gorbey's account.

 Crawford's other argument is that the defendant "in no way" rebutted the plaintiff's prima facie case. This contention is not borne out by the record. Gorbey's evidence showed that he had been promised a $1000 advance by Allen; that the agreement was that he would not have to pay it back until he could meet his personal commitments; that he would not have agreed to a personal loan from Crawford because the money was promised by Allen as an advance against his paychecks; that Crawford himself had attempted to have Gorbey sign a promissory note payable to Allen; and that Gorbey had repaid Allen $1000 from October, 1959 through January, 1960. At best, the evidence presented issues of fact. The trier of the fact was not persuaded that the preponderance favored the plaintiff and with this

determination, as we have said, we will not interfere. *Feit v. Zoller,* 155 Colo. 64, 392 P.2d 593.

The judgment is affirmed.